David C. Kiernan (State Bar No. 215335)
Craig E. Stewart (State Bar No. 129530)
Paul C. Hines  (State Bar No. 294428)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700
Email:            dkiernan@jonesday.com
                     cestewart@jonesday.com
                     phines@jonesday.com

Attorneys for Petitioner
JONES DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONES DAY,<br><br>         Petitioner,<br><br>    v.<br><br>ORRICK HERRINGTON & SUTCLIFFE, LLP, MICHAEL TORPEY, AND MITCHELL ZUKLIE,<br><br>         Respondents. | Case No.<br><br>**PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUMMONSES**<br><br>Petition filed:  July 30, 2021 |

Petitioner Jones Day files this Petition to Enforce Arbitration Summonses served on Respondents Orrick, Herrington & Sutcliffe LLP, Michael Torpey, and Mitchell Zulkie, and in support thereof states:[1]

**PARTIES**

1. Jones Day is a general partnership engaged in the profession and practice of law, organized and existing under the laws of the State of Ohio with a place of business in the District of Columbia, located at 51 Louisiana Avenue, N.W., Washington, D.C. 20001.

2. Respondent Orrick, Herrington & Sutcliffe LLP ("Orrick"), is a limited liability partnership engaged in the profession and practice of law, organized and existing under the laws of the State of California with its principal place of business at 405 Howard Street, San Francisco, California.

3. Respondent Mr. Zuklie is Orrick's Chairman and a California resident, whose principal place of business is also 405 Howard Street, San Francisco, California. Mr. Zuklie resides within California.

4. Respondent Mr. Torpey is Orrick's Special Assistant to the Chairman and former Managing Partner and a resident of California, whose principal place business is Orrick's offices at 1000 Marsh Road, Menlo Park, California. Mr. Torpey resides within California.

**JURISDICTION**

5. This Court has subject matter jurisdiction over this action under 9 U.S.C. §§ 7 and 203 because the Summonses arise out of an international arbitration that falls within the

---

[1] Jones Day believes that the proper procedural vehicle for seeking to compel compliance with an arbitration summons (or a judicial summons issued in connection with a case in another district) is to initiate a miscellaneous case in this district by filing a motion to compel. Contemporaneously with this petition, Jones Day is filing such a motion to compel. Jones Day does not believe it is necessary to file a petition or complaint. Jones Day is filing this petition only because Respondents have asserted to Jones Day that a petition is necessary and their counsel has refused to accept service on behalf of Respondents unless Jones Day proceeds by way of a petition. By filing this petition, Jones Day does not agree that the petition is necessary. Nor does it agree that the filing of this petition should result in any different procedure for briefing or ruling on the motion to compel. Jones Day requests that the Court consider Jones Day's motion on the schedule set out in Jones Day's Motion to Shorten Time, which Jones Day is also filing contemporaneously.

1  Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958
2  (the "Convention"), as incorporated in Chapter 2 of the Federal Arbitration Act ("FAA").
3  9 U.S.C. § 201 *et seq.*  Section 203 provides that "an action or proceeding falling under the
4  Convention shall be deemed to arise under the laws and treaties of the United States.  The district
5  courts of the United States . . . shall have original jurisdiction over such an action or proceeding,
6  regardless of the amount in controversy."  9 U.S.C. § 203.  Chapter 2 of the FAA incorporates the
7  provisions of Chapter 1 of the FAA, so long as those provisions are not in conflict with the New
8  York Convention.  9 U.S.C. § 208.  Chapter 1 of the FAA includes 9 U.S.C. § 7, which empowers
9  arbitrators to summon witnesses to appear at a hearing before them and authorizes federal district
10 courts in the district in which the arbitrator is sitting to compel compliance.  Section 206 of the
11 FAA also empowers courts under Chapter 2 to "direct that arbitration be held in accordance with
12 the agreement."  9 U.S.C. § 206.
13         6.      Respondents are subject to personal jurisdiction in this Court because Orrick is
14 organized under the laws of California and has its principal place of business here, and
15 Mr. Torpey and Mr. Zuklie are residents of California.
16                                            **VENUE**
17         7.      Venue is proper in this Court under 28 U.S.C. § 1391 because all of the defendants
18 reside in California and at least one of them resides within this judicial district and because a
19 substantial part of the acts or omissions giving rise to this action occurred here.
20                                       **MATERIAL FACTS**
21         8.      Jones Day is the claimant in an ongoing international arbitration.  The arbitration
22 agreement under which the arbitration is occurring provides that the Federal Arbitration Act
23 governs the arbitration and that the arbitration is to be conducted in accordance with the then-
24 current JAMS Comprehensive Arbitration Rules and Procedures (the "JAMS Rules").
25         9.      In July 2020, JAMS appointed as arbitrator the Honorable Benson Everett Legg, a
26 retired federal district court judge (the "Arbitrator").  The Arbitration is scheduled for a final
27 hearing on the merits beginning September 20, 2021.
28         10.     To obtain information material to its arbitration claims, Jones Day requested, and

1 the Arbitrator issued, summonses to Respondents requiring them to appear as witnesses before
2 the Arbitrator at a hearing at the JAMS facility in San Jose, California on July 26, 2021, and to
3 bring with them specified documents (the "Summonses").  The Arbitrator was authorized to issue
4 the summonses by the FAA and by JAMS Rule 21.  *See* 9 U.S.C. § 7 ("The arbitrators selected
5 either as prescribed in this title or otherwise, or a majority of them, may summon in writing any
6 person to attend before them or any of them as a witness and in a proper case to bring with him or
7 them any book, record, document, or paper which may be deemed material as evidence in the
8 case."); JAMS Rule 21 (arbitrator may "issue subpoenas for the attendance of witnesses or the
9 production of documents either prior to or at the Hearing pursuant to this Rule or Rule 19(c)").

10       11.      The Summonses were validly served on each of the Respondents.

11       12.      Respondents notified Jones Day in writing on July 15, 2021, that they would not
12 comply with the Summonses.  None of the Respondents contended that they were unable to
13 appear at the July 26 hearing or to bring with them the required documents.  They asserted only
14 that they did not view the Summonses as authorized under the FAA and that they therefore would
15 not comply with them.

16       13.      In a Scheduling Order dated July 19, 2021, at Jones Day's request, the Arbitrator
17 stated that he could be present within this District to hold a hearing to take Respondents'
18 testimony on September 13, 2021 and that he would issue summonses for Respondents to appear
19 on that date at Jones Day's request.  On July 30, 2021, Jones Day requested the issuance of such
20 summonses.

21       14.      On July 30, 2021, counsel for Respondents informed Jones Day that, because
22 Respondents consider the Summonses to be defective under the FAA, Respondents will not
23 appear for a hearing on September 13.

**CLAIM FOR RELIEF**

25       15.      The Summonses were lawfully issued under the FAA, 9 U.S.C. § 7 and 208, and in
26 accordance with the arbitration agreement, including its adoption of the JAMS Rules.

27       16.      Respondents' neglect or refusal to obey the Summonses is contrary to law and
28 without legal or factual justification.

17.     The FAA authorizes this Court to compel Respondents to comply with the Summonses.  9 U.S.C. § 7 ("the United States district court for the district in which such arbitrators, or a majority of them, are sitting may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States").

WHEREFORE, Jones Day respectfully requests that this Court:

(i) Order the Respondents to comply with the Summonses;

(ii) Order that this case remain open so that Jones Day can pursue any further relief against the Respondents related to service and enforcement of the Summonses;

(iii) Award Jones Day its costs and attorney's fees incurred in this action; and

(iv) Award Jones Day any and all other relief as this Court deems just and proper.

Dated:  July 30, 2021

Respectfully submitted,

/s/ David C. Kiernan
David C. Kiernan
JONES DAY

*Attorneys for* JONES DAY