1 | David C. Kiernan (State Bar No. 215335)
2 | Craig E. Stewart (State Bar No. 129530)
  | Paul C. Hines (State Bar No. 294428)
  | JONES DAY
3 | 555 California Street, 26th Floor
  | San Francisco, CA 94104
4 | Telephone: +1.415.626.3939
  | Facsimile: +1.415.875.5700
5 | Email: dkiernan@jonesday.com
  | cestewart@jonesday.com
6 | phines@jonesday.com

7 | Attorneys for Petitioner
  | JONES DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| JONES DAY, | Case No. |
|---|---|
| Petitioner, | **JONES DAY'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING OF ITS MOTION TO COMPEL COMPLIANCE WITH ARBITRATION SUMMONSES** |
| v. | |
| ORRICK HERRINGTON & SUTCLIFFE, LLP; MICHAEL TORPEY; AND MITCHELL ZUKLIE, | |
| Respondents. | |

Pursuant to Civil Local Rules 6-1(b) and 6-3, petitioner Jones Day requests an order shortening time for the briefing and hearing of its Motion to Compel Compliance with Arbitration Summonses. Jones Day is filing the Motion to Compel contemporaneously with this motion. Jones Day requests the following schedule:

- Opposition due on August 11, 2021 (two days earlier than the normal date under Local Rule 7-3(a)),
- Reply due on August 17 (three days earlier than normal),
- Hearing on August 27 (one week earlier than normal). If August 27 is not available as a hearing date, Jones Day requests that the hearing be set for an earlier date that is convenient to the Court.

This motion is supported by the Declaration of Christopher Thatch in Support of Jones Day's Motion to Compel Compliance with Arbitration Summons, Jones Day's Motion to Shorten Time, and Jones Day's Administrative Motion To Seal (the "Thatch Decl."), filed contemporaneously with this motion.

The ground for this motion is that the Motion to Compel seeks to compel the attendance of the summons recipients at an arbitration hearing on September 13, 2021, and Jones Day wishes to ensure that any order granting the Motion to Compel is issued sufficiently in advance of that date to secure the attendance of the witnesses at the September 13 hearing.

As set out in the Motion to Compel, the Motion to Compel arises from a confidential international arbitration to which Jones Day is a party. Exercising his authority under the Federal Arbitration Act (9 U.S.C. § 7), the arbitrator has issued summonses at Jones Day's request to the respondents in this action—Orrick Herrington & Sutcliffe LLP, Michael Torpey, and Mitchell Zuklie. Respondents are not parties to the underlying arbitration. The summonses call for the Respondents to appear at a hearing before the arbitrator to present testimony and documents as specified in the summons. As originally issued, the summonses set the hearing for July 26, 2021, in San Jose, California. Respondents refused to appear on that date, asserting that the summonses exceeded the arbitrator's authority under the FAA because they seek to compel attendance at a location other than the "seat" of the arbitration in Washington D.C. Thatch Decl. Ex. I As

described in the Motion to Compel, Jones Day contends that nothing in the FAA restricts the arbitrator from convening hearings for the purpose of taking evidence in locations other than the "seat" of the arbitration. Further, convening the hearing in California is necessary because Orrick successfully resisted, on grounds of lack of personal jurisdiction, being ordered to appear at a hearing in Washington D.C. where Orrick has an office and does business. Orrick and the other two Respondents are each subject to personal jurisdiction in California.

Respondents' refusal to appear at the July 26 hearing has necessitated filing the Motion to Compel and rescheduling the hearing at which Jones Day seeks to have Respondents appear to September 13, 2021, in San Francisco. Thatch Decl. ¶¶ 16-18. The arbitrator selected September 13 hearing date based on (1) his availability to be present in California on that date following the completion of medical treatment he is currently receiving, and (2) the merits hearing in the arbitration being scheduled to begin on September 20. *Id.* Ex. J. To avoid disrupting the scheduled merits hearing, and to ensure the orderly presentation of evidence at that hearing, it is important that the hearing at which Respondents will appear be held on September 13. Because Respondents have been on notice for many months both that Jones Day is requesting evidence from them and the nature of the information Jones Day seeks, Jones Day believes that no valid basis for objection would exist even if the Motion to Compel were heard on the normal 35-day schedule and the Court were to rule on the date the Motion to Compel was heard or shortly thereafter. But to avoid any argument to the contrary, and to ensure that the September 13 hearing can go forward in an orderly fashion, Jones Day believes that shortening the schedule as sought in this motion is warranted. Jones Day will be prejudiced if it is not able to secure the requested evidence from Respondents at the September 13 hearing because that could result in the evidence being unavailable to Jones Day at the final merits hearing commencing on September 20. *Id.* ¶ 18. By contrast, Respondents will not be prejudiced because the proposed schedule shortens their opposition time by only two days, and Respondents are already familiar with the issues relevant to the Motion to Compel based on Orrick's resistance to enforcement of the previous summonses seeking its appearance in Washington D.C. *Id.* ¶¶ 8-14.

Before filing this motion, Jones Day sought Respondents' agreement to the shortening of

1  time requested.  Respondents declined to agree.  *Id.* Ex. L.

2      Jones Day accordingly requests that this motion to shorten time be granted.

3  Dated:  July 30, 2021                    Respectfully submitted,

4                                        */s/ David C. Kiernan*

5                                        David C. Kiernan

6                                        *Attorneys for* JONES DAY

-3-

Jones Day's Mot. to Shorten Time
Case No._____