David C. Kiernan (State Bar No. 215335)
Craig E. Stewart (State Bar No. 129530)
Paul C. Hines (State Bar No. 294428)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:     +1.415.875.5700
Email:         dkiernan@jonesday.com
               cestewart@jonesday.com
               phines@jonesday.com

Attorneys for Petitioner
JONES DAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JONES DAY,<br><br>    Petitioner,<br><br>v.<br><br>ORRICK HERRINGTON & SUTCLIFFE, LLP, MICHAEL TORPEY, AND MITCHELL ZUKLIE,<br><br>    Respondents. | Case No.<br><br>**JONES DAY'S MOTION TO COMPEL COMPLIANCE WITH ARBITRATION SUMMONSES AND SUPPORTING MEMORANDUM** |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 27, 2021,[1] at a time to be determined by the Court, or as soon thereafter as counsel may be heard, in a Courtroom to be assigned, in the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Jones Day shall and hereby does move the Court for an order, pursuant to 9 U.S.C. §§ 7 and 208, compelling respondents Orrick Herrington & Sutcliffe LLP ("Orrick"), Michael Torpey, and Mitchell Zuklie (together "Respondents") to attend a hearing before the duly appointed arbitrator in a pending arbitration.

Jones Day is currently party to an ongoing international arbitration, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ On June 16, 2021, the Arbitrator issued summonses to the three Respondents, ordering them to appear before him as witnesses at a hearing in San Jose, California on July 26, 2021, and to bring with them specified documents. Respondents have refused to comply with the summonses. Jones Day therefore requests that this Court order each Respondent to appear before the Arbitrator at a rescheduled hearing on September 13, 2021, and to bring with them the documents specified in the summonses.

This motion is supported by the following points and authorities, as well as the Declaration of Christopher Thatch in Support of Jones Day's Motion to Compel ("Thatch Decl.") and the exhibits thereto.

---

[1] Jones Day is separately moving for an order shortening time to permit the hearing to be held on August 27, 2021.

Motion to Compel
Case No. _____

- i -

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 2

ARGUMENT .................................................................................................................... 5

I.    THIS COURT HAS PERSONAL JURISDICTION OVER EACH RESPONDENT. ............................................................................................ 5

II.   THIS COURT HAS SUBJECT-MATTER JURISDICTION. ............................ 6

III.  THE FAA EMPOWERS THE ARBITRATOR TO SUMMON RESPONDENTS TO APPEAR BEFORE HIM AND BRING DOCUMENTS. ............................ 8

CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Balen v. Holland Am. Line Inc.*,
  583 F.3d 647 (9th Cir. 2009)...................................................................................................7

*Belize Soc. Dev. Ltd. v. Gov't of Belize*,
  794 F.3d 99 (D.C. Cir. 2015) ..................................................................................................6

*China Auto Logistics, Inc. v. DLA Piper*,
  LLP, 2021 WL 830189 (D. Nev. Mar. 3, 2021) .....................................................................6

*CVS Health Corp. v. Vividus, LLC*,
  878 F.3d 703 (9th Cir. 2017)...................................................................................................9

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021) ............................................................................................................5

*In re Packaged Seafood Prod. Antitrust Litig.*,
  338 F. Supp. 3d 1118 (S.D. Cal. 2018) ...................................................................................5

*Maine Cmty. Health Options v. CVS Pharmacy, Inc.*,
  No. CV 20-10JJM, 2020 WL 1130057 (D.R.I. Mar. 9, 2020)...............................................10

*Matter of Arb. between Tang Energy Grp., LTD v. Catic U.S.A.*,
  No. 3:15-MC-80209-LB, 2015 WL 4692459, at *2 (N.D. Cal. Aug. 6, 2015) .......................8

*Rogers v. Royal Caribbean Cruise Line*,
  547 F.3d 1148 (9th Cir. 2008).................................................................................................6

*Seaton Ins. Co. v. Cavell USA*,
  2007 WL 9657277 (D. Conn. Mar. 21, 2007).........................................................................9

*Stemcor USA Inc. v. CIA Siderurgica*
  *do Para Cosipar*, 927 F.3d 906 (5th Cir. 2019)......................................................................8

**STATUTES**

1 U.S.C. § 1 ................................................................................................................................9

9 U.S.C. § 7 ........................................................................................................................ passim

9 U.S.C. § 7 ................................................................................................................................1

9 U.S.C. §§ 201–208 .................................................................................................................. 1, 8

9 U.S.C. § 202 .................................................................................................................................6

9 U.S.C. § 203 ............................................................................................................................. 6, 8

9 U.S.C. § 206 .................................................................................................................................8

9 U.S.C. § 208 .................................................................................................................................7

Federal Arbitration Act, 9 U.S.C. § 1 *et seq* ...................................................................................1

**OTHER AUTHORITIES**

JAMS Rule 19(c) ..........................................................................................................................10

JAMS Rule 21 ..............................................................................................................................10

**INTRODUCTION**

This motion is necessitated by Respondents' refusal to obey arbitration summonses lawfully issued under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq* (the "FAA").  Jones Day is the claimant in an international arbitration ███████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████  To obtain information relevant to its arbitration claims, Jones Day requested, and the Arbitrator issued, summonses to the three Respondents—Orrick, the firm at which Mr. Bühler is now a partner; Mr. Zuklie, Orrick's Chairman; and Mr. Torpey, Orrick's Special Assistant to the Chairman and former Managing Partner.  The Summonses required Respondents to appear as witnesses before the Arbitrator at a hearing at the JAMS facility in San Jose, California on July 26, 2021, and to bring with them specified documents.  The Arbitrator was authorized to issue the summonses by FAA sections 7 and 208.

Respondents notified Jones Day in writing on July 15, 2021, that they would not comply with the Summonses.  None of the Respondents contended that they were unable to appear at the July 26 hearing or to bring with them the required documents.  They asserted only that they were under no obligation to comply with the Summonses.  In light of Respondents' refusal to appear on July 26, the Arbitrator has agreed to schedule a further hearing to take Respondents' testimony and receive their documents on September 13, 2021 at a place within California to be coordinated by the parties.

In recent correspondence regarding the September 13 hearing date, Respondents' counsel continues to assert that Respondents have no legal obligation to comply with the Summonses and, on that basis, has indicated that they will not attend the hearing scheduled for September 13th.  Respondents' continued refusal to comply with the Summonses is at odds with the provisions of the FAA, which expressly authorize the Arbitrator to summon persons to appear before him as a witness and bring documents with them.  9 U.S.C. § 7.  The FAA further authorizes federal courts to compel compliance with such summonses, or to punish the non-complying summoned party for contempt.  *Id.*  Given the impending date of the final merits hearing in the Arbitration,

1  Respondents' continued obstruction threatens to undermine Jones Day's ability to present its case
2  in the Arbitration and the Arbitrator's ability to fully and fairly resolve the claims at issue.  The
3  Court should therefore exercise the power granted to it by the FAA and order Respondents to
4  appear before the Arbitrator on September 13, bringing with them the required documents, or else
5  face sanctions for contempt.[2]

**FACTUAL BACKGROUND**

Jones Day is a general partnership engaged in the practice of law.  It is based in the United States with offices in countries throughout the world.  Respondent Orrick is a limited liability partnership engaged in the practice of law, organized and existing under the laws of the State of California with its principal place of business at 405 Howard Street, San Francisco, California.  Respondent Mr. Zuklie is Orrick's Chairman and a California resident, whose principal place of business is also 405 Howard Street, San Francisco, California.  Respondent Mr. Torpey is Orrick's Special Assistant to the Chairman and former Managing Partner and a resident of California, whose principal place business is Orrick's offices at 1000 Marsh Road, Menlo Park, California.



---

[2] Jones Day believes that this motion is the proper procedural vehicle for seeking to compel compliance with an arbitration summons (or a judicial summons issued in connection with a case in another district).  However, in pre-filing correspondence, Respondent's counsel asserted that Jones Day must file, in addition to its motion, a separate petition to initiate the case, and counsel refused to accept service on behalf of Respondents unless Jones Day proceeded by way of a petition.  To avoid any dispute over the issue, Jones Day is filing a separate petition contemporaneously with this motion.  By filing the petition, Jones Day does not agree that the petition is necessary.  Nor does it agree that the filing of the petition should result in any different procedure for briefing or ruling on the motion to compel.  Jones Day requests that the Court consider Jones Day's motion on the schedule set out in Jones Day's Motion to Shorten Time, which Jones Day is also filing contemporaneously

1 ██████████████████████████████████████
2 ██████████████████████████████████████
3 ██████████████████████████████████████
4 ██████████████████████████████████████
5 ██████████████████████████████████████
6 ██████████████████████████████████████
7 ██████████████████████████████████████
8 ██████████████████████████████████████
9 ██████████████████████████████████████
10 ██████████████████████████████████████
11 ██████████████████████████████████████
12    ███████████████████████████████████
13 ██████████████████████████████████████
14 ██████████████████████████████████████
15 ██████████████████████████████████████
16 ██████████████████████████████████████
17 ██████████████████████████████████████
18 █████
19    ███████████████████████████████████
20 ██████████████████████████████████████
21 ██████████████████████████████████████
22 ██████████████████████████████████████
23 ███████   After considering Jones Day's request, the Arbitrator issued a subpoena to Orrick on September 23, 2020 ordering it to appear before him at a virtual hearing on October 22, 2020, and to produce specified documents at that time. *Id.*, Ex. C. Orrick accepted service of that subpoena on September 30, 2020. *Id.*, Ex. D. The subpoena invited Orrick to address any applications to quash or modify the subpoena to the Arbitrator, but Orrick made no such objections. *Id.* ¶ 10. Instead, two days before the scheduled hearing Orrick told Jones Day that it

would not be complying with the subpoena. *Id*. ¶ 10.

On November 25, 2020, Jones Day filed a petition to enforce the Arbitrator's subpoena in the Superior Court of the District of Columbia (the "D.C. Court"). *Id*. ¶ 11. On February 5, 2021, Orrick moved to dismiss that petition, arguing, among other things, that the D.C. Court lacked personal jurisdiction over Orrick and that, under the FAA, an arbitral summons can be enforced only in federal court. *Id*. On May 14, 2021, the D.C. Court issued an order agreeing that it lacked personal jurisdiction over Orrick ███████████████████████████████ ████████████████████████████████████████████████████████████████ *Id*., Ex. E.

In light of the D.C. Court's ruling, Jones Day requested that the Arbitrator issue a revised summons requiring that Orrick appear before him at a location within the Northern District of California where Orrick's headquarters are located. *Id*. ¶ 13. Jones Day also requested that the Arbitrator issue summonses to Mr. Torpey and Mr. Zuklie, who work at Orrick's San Francisco, California and Menlo Park, California offices respectively, requiring them to appear at the same hearing as Orrick. *Id*. ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████.

On June 16, 2021, the Arbitrator issued the requested Summonses. *Id*., Exs. F, G and H. The Summonses ordered Respondents to appear before the Arbitrator at a hearing on July 26, 2021 at the JAMS facility in San Jose, California, and to bring with them certain specified documents. *Id*. One month later, on July 15, 2021, Respondents, through Orrick's General Counsel, informed Jones Day that Respondents did not view the Summonses as authorized under the FAA and that they therefore would not comply with them. *Id*., Ex. I. The General Counsel asserted that the FAA does "not authorize the arbitrator to summon legal entities (like Orrick) to give testimony, nor compel attendance at hearings across the country. The seat of the arbitration does not travel with the arbitrator; it is fixed by the arbitration agreement. In this case, Jones Day

selected Washington, D.C." *Id.*  In other words, in Respondents' view, the only place they could be subpoenaed to give testimony (and the only place where the courts would have authority to compel compliance with that subpoena) is Washington D.C., where Respondents refused to appear and where they claim the courts lack personal jurisdiction over them.  As the arbitrator aptly observed, "Orrick's position presents Jones Day with a Catch 22.  Orrick posits that personal jurisdiction over it is lacking in Washington, D.C.  Orrick also posits that the FAA authorizes the Arbitrator to compel Orrick's attendance only in Washington, D.C." *Id.*, Ex. I.

In a Scheduling Order dated July 19, 2021, at Jones Day's request, the Arbitrator provided a later date at which he could be present in California to hold a hearing to take Respondents' testimony:  September 13, 2021.  *Id.*, Ex. J.³   Jones Day has corresponded with Respondents, through their counsel, and has been informed that Respondents will continue to defy the Arbitrator's subpoena and will not attend the September 13 hearing.  *Id.* ¶ 19.

████████████████████████████████████████████████████████████████

████ Thus, if Respondents do not promptly comply with the Summonses, that merits hearing may close without the Arbitrator having been provided with evidence material to Jones Day's claims, thus prejudicing Jones Day's ability to present its case.

## ARGUMENT

**I.    THIS COURT HAS PERSONAL JURISDICTION OVER EACH RESPONDENT.**

A court has general personal jurisdiction over a defendant to hear any and all claims against it where the defendant is "essentially at home" in the forum state. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)).  "An individual is subject to general jurisdiction in her place of domicile . . . And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business" *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  That same standard is generally applicable to non-corporate business entities, such as limited liability partnerships. *See, e.g. In re Packaged Seafood Prod. Antitrust*

---

³ In that Procedural Order, the Arbitrator invited Jones Day to submit revised Summonses ordering Respondents' appearance at the revised September 13, 2021 hearing date.  *Id.*, Ex. J at 3.  Jones Day has done so and is awaiting issuance of those revised Summonses.  *Id.* ¶ 17.

*Litig.*, 338 F. Supp. 3d 1118, 1139, n. 13 (S.D. Cal. 2018) (applying *Daimler's* "place of organization and principal place of business paradigm" to a limited liability partnership); *China Auto Logistics, Inc. v. DLA Piper*, LLP, 2021 WL 830189, at *4 (D. Nev. Mar. 3, 2021) (same).

Here, both Mr. Zuklie and Mr. Torpey reside in California. The Court therefore has general jurisdiction over both. Orrick's place of organization is California and its principal place of business is in San Francisco, California. Accordingly, the Court also has general jurisdiction over Orrick.

**II.     THIS COURT HAS SUBJECT-MATTER JURISDICTION.**

The Court has subject-matter jurisdiction over this motion because it seeks to enforce the power of an arbitrator in an international arbitration covered by Chapter 2 of the FAA to order persons to appear before him pursuant to that Act. Chapter 2, Section 203 of the FAA provides that "[a]n action or proceeding falling under the [Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, (the "New York Convention")] shall be deemed to arise under the laws and treaties of the United States," and "[t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

For purposes of the FAA, "[a]n arbitration agreement . . . arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the [New York] Convention," provided the relationship is not "entirely between citizens of the United States," or that it "has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202. Agreements considered as commercial "include, but are not limited to contracts evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . includ[ing] employment contracts." *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1154 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 794 F.3d 99, 103–04 (D.C. Cir. 2015) ("In the context of international arbitration, 'commercial' refers to 'matters or relationships, whether contractual or not, that arise out of or in connection with commerce.'") (quoting Restatement (Third) of U.S. Law of Int'l Comm. Arbitration § 1–1 (2012)).

1    Thus, in determining whether an arbitration agreement falls under the New York
2    Convention, courts look to whether the arbitration agreement satisfies four factors: "(1) there is
3    an agreement in writing within the meaning of the Convention; (2) the agreement provides for
4    arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal
5    relationship, whether contractual or not, which is considered commercial; and (4) a party to the
6    agreement is not an American citizen, or that the commercial relationship has some reasonable
7    relation with one or more foreign states." *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654–55
8    (9th Cir. 2009). The Arbitration Agreement between Jones Day ▆▆▆▆ meets each of
9    those four factors. The Arbitration Agreement is in writing. Thatch Decl., Ex. A. It provides for
10   arbitration in the United States, which is a signatory of the Convention. *Id.*, Art. 14.3(e);
11   Convention on the Recognition and Enforcement of Foreign Arbitral Awards, at 2560, Dec. 11.
12   1970, 21 U.S.T. 2517, 330 U.N.T.S. 3 (1958). The relationship between Jones Day and
13   ▆▆▆▆ was commercial in nature, ▆▆▆▆
14   ▆▆▆▆ Thatch Decl. ¶¶ 2-3. ▆▆▆▆ *Id.* ¶ 3.
15   The Arbitration Agreement therefore falls under the New York Convention and within the scope
16   of Chapter 2 of the FAA.
17   Chapter 2 of the FAA expressly incorporates the provisions of Chapter 1 of the FAA, so
18   long as those provisions are not in conflict with the New York Convention. 9 U.S.C. § 208
19   ("Chapter 1 applies to actions and proceedings brought under this chapter to the extent that
20   chapter is not in conflict with this chapter or the Convention as ratified by the United States.").
21   Chapter 1 of the FAA includes 9 U.S.C. § 7, which empowers arbitrators to summon witnesses to
22   appear at a hearing before them and authorizes federal district courts in the district in which the
23   arbitrator is sitting to compel compliance. Nothing in the New York Convention precludes an
24   arbitrator sitting pursuant to an agreement covered by the New York Convention from
25   summoning a witness to appear before the arbitrator at a hearing or a district court from
26   compelling compliance. *Cf.* New York Convention, Dec. 11. 1970, 21 U.S.T. 2517, 330 U.N.T.S.
27   3 (1958). The provisions of 9 U.S.C. § 7 are therefore incorporated within Chapter 2 of the FAA
28   and apply to actions in respect to agreements falling under the New York Convention like the

Arbitration Agreement.[4]  This motion seeks to enforce the Arbitrator's authority under those provisions of the FAA to issue the Summonses and thus is properly within the subject-matter jurisdiction of this Court.  *See Matter of Arb. between Tang Energy Grp., LTD v. Catic U.S.A.*, No. 3:15-MC-80209-LB, 2015 WL 4692459, at *2 (N.D. Cal. Aug. 6, 2015) (noting movant's assertion that "the court has subject-matter jurisdiction over this matter because the underlying arbitration 'falls under' the [New York Convention], which is implemented through Chapter Two of the FAA, 9 U.S.C. §§ 201–208" and stating that "9 U.S.C. § 203, in turn, provides that '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States,' thus providing this court with jurisdiction."); *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909 (5th Cir. 2019) (holding that, for a federal court to have jurisdiction under Chapter 2 of the FAA, "two requirements must be met: (1) there must be an arbitration agreement or award that falls under the Convention, and (2) the dispute must relate to that arbitration agreement," where "relates to . . . mean[s] has some connection, has some relation, [or] has some reference to") (internal quotes omitted).

### III.     THE FAA EMPOWERS THE ARBITRATOR TO SUMMON RESPONDENTS TO APPEAR BEFORE HIM AND BRING DOCUMENTS.

The FAA broadly authorizes "arbitrators selected either as prescribed in [the FAA] or otherwise, or a majority of them," to "summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case."  9 U.S.C. § 7.  That is precisely what the Arbitrator did in the Summonses: he summoned each of Respondents to attend before him as a witness and bring certain documents with them.

In refusing to comply with the Summonses, Respondents have asserted without citation or

---

[4] Moreover, section 206 of the FAA empowers courts under Chapter 2 to "direct that arbitration be held in accordance with the agreement." 9 U.S.C. § 206.  As explained in section III.C, *infra,* the Arbitration Agreement specifies that the FAA and the JAMS Rules are to govern the Arbitration, both of which authorize the Arbitrator to order a third party to provide testimony and documents at a hearing.  The incorporation of 9 U.S.C. § 7 into Chapter 2, and its application by the Court in this action, is therefore necessary and appropriate to ensure that the arbitration is held "in accordance" with the Arbitration Agreement.

1  authority that the Arbitration Agreement "did not authorize the arbitrator to summon legal entities
2  (like Orrick) to give testimony, nor compel attendance at hearings across the country."  Thatch
3  Decl., Ex. I.  That is incorrect.
4       The Arbitration Agreement ████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████████
6  ███████████████████████████████  The FAA authorizes the Arbitrator to summon "*any*
7  person"—including a third party—to appear before him at a hearing.  9 U.S.C. § 7 (emphasis
8  added); *see also CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017) ("The
9  FAA gives arbitrators two powers that are relevant here.  First, arbitrators may compel the
10 attendance of a person 'to attend before them ... as a witness,' and second, arbitrators may compel
11 such person 'to bring with him or them' relevant documents.")[5]  Nothing in that authorization
12 limits an arbitrator's power to natural, rather than juridical, persons.  To the contrary, Congress
13 has been explicit that "[i]n determining the meaning of any Act of Congress, unless the context
14 indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies,
15 associations, firms, partnerships, societies, and joint stock companies, as well as individuals."
16 1 U.S.C. § 1.
17      Nor does that grant of authority (1) limit where arbitrators may convene a hearing for the
18 purpose of obtaining testimony and documents from third parties or (2) limit the power of a
19 federal court for the district where the hearing is held to compel compliance with a summons to
20 appear.  *See, e.g., Seaton Ins. Co. v. Cavell USA*, 2007 WL 9657277, at *2-4 (D. Conn. Mar. 21,
21 2007) (ordering third parties to attend a specially convened hearing in Connecticut to provide
22 testimony and produce documents and noting that "[t]he fact that the location of the arbitration
23 hearing will be held at a location other than the one designated by the arbitration agreement does

---

[5] In *CVS Health*, the Ninth Circuit held that an arbitrator's power under the FAA "to compel the production of documents is limited to production at an arbitration hearing."  *CVS Health*, 878 F.3d at 706.  There, the subpoena required a third party to produce documents to the offices of counsel for one of the parties in advance of a hearing and was therefore held invalid under the FAA.  *Id*. at 705–06.  In contrast, the Summonses order Respondents to appear at a hearing and to bring the required documents with them, consistent the authority acknowledged in *CVS Health*.  Thatch Decl., Exs. F, G, H.

Motion to Compel
Case No. _____

1  not have any bearing on the propriety of the subpoenas issued pursuant to section 7" of the FAA).

2  The Arbitration Agreement further specifies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Thatch Decl., Ex. A, Annex D.  JAMS Rule 21

4  authorizes the Arbitrator to "issue subpoenas for the attendance of witnesses or the production of

5  documents either prior to or at the Hearing pursuant to this Rule or Rule 19(c)."  Thatch Decl.,

6  Ex. B, Rule 21.  Rule 19(c) provides that the Arbitrator, "in order to hear a third-party witness, or

7  for the convenience of the Parties or the witnesses, may conduct the Hearing *at any location*."

8  *Id*., Rule 19(c) (emphasis added).

9  Both the FAA and the JAMS Rules therefore empower the Arbitrator to order

10  Respondents to appear before him in California and to bring documents with them.  Respondents'

11  assertion to the contrary is pure gamesmanship:  having successfully argued to the D.C. Court that

12  they cannot be compelled to attend a hearing before the Arbitrator in D.C. for want of personal

13  jurisdiction there, they now argue that they cannot be compelled to attend a hearing in California,

14  where they indisputably are at home and subject to personal jurisdiction.  The Arbitrator has

15  noted the contrived nature of Respondents' positions, aimed solely at frustrating Jones Day's

16  right to obtain information from them, observing that "Orrick's position presents Jones Day with

17  a Catch 22" and that "Orrick will not produce documents until it has exhausted all avenues of

18  resistance."  Thatch Decl., Ex. J.  That gamesmanship must not be countenanced.  Respondents

19  should be ordered to comply with the Summonses.[6]

20  **CONCLUSION**

21  For the foregoing reasons, Jones Day respectfully requests that its Motion to Compel be

22  granted and that Respondents be ordered to attend a hearing before the Arbitrator on

23  September 13, 2021 and to bring with them the documents specified in the Summonses.

---

[6] Orrick's general counsel offered no other objection to the summonses.  And no other basis for objection exists.  In the enforcement action in D.C. Court, Orrick suggested it may challenge the summonses on the ground that the evidence they seek is not material.  But "courts uniformly construe the FAA as empowering the arbitration panel – and not the courts – to assess what is material to the arbitration dispute."  *Maine Cmty. Health Options v. CVS Pharmacy, Inc.,* No. CV 20-10JJM, 2020 WL 1130057, at *4 (D.R.I. Mar. 9, 2020).  Respondents are thus required to raise any materiality objections before the Arbitrator, not in this Court.

Motion to Compel
Case No. _____

- 10 -

Dated: July 30, 2021

Respectfully submitted,

*/s/ David C. Kiernan*
David C. Kiernan
JONES DAY

*Attorneys for* JONES DAY