1  David C. Kiernan (State Bar No. 215335)
   Craig E. Stewart (State Bar No. 129530)
2  Paul C. Hines  (State Bar No. 294428)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:    +1.415.626.3939
   Facsimile:    +1.415.875.5700
5  Email:        dkiernan@jonesday.com
                 cestewart@jonesday.com
6                phines@jonesday.com

7  Attorneys for Petitioner
   JONES DAY
8

9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13
   JONES DAY,                          Case No.
14
                    Petitioner,        **DECLARATION OF CHRISTOPHER**
15                                      **THATCH IN SUPPORT OF JONES DAY'S**
         v.                             **MOTION TO COMPEL COMPLIANCE**
16                                      **WITH ARBITRATION SUMMONS, JONES**
   ORRICK HERRINGTON & SUTCLIFFE,       **DAY'S MOTION TO SHORTEN TIME,**
17 LLP; MICHAEL TORPEY; AND             **AND JONES DAY'S ADMINISTRATIVE**
   MITCHELL ZUKLIE,                     **MOTION TO SEAL**
18
                    Respondents.
19

20

21

22

23             **REDACTED VERSION OF DOCUMENTS SOUGHT**
                            **TO BE SEALED**
24

25

26

27

28

                                              Declaration of C. Thatch
                                                     Case No._____

I, Christopher N. Thatch, declare as follows:

1.      I am partner at Jones Day.  I have personal knowledge of the matters set forth below and, if called and sworn as a witness, I could and would competently testify to the following facts:

2.      Jones Day (or the "Firm") is a general partnership engaged in the profession and practice of law, organized and existing under the laws of the State of Ohio with a place of business in the District of Columbia, located at 51 Louisiana Avenue, N.W., Washington, D.C. 20001.



Declaration of C. Thatch
Case No._____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22  On September 23, 2020 the Arbitrator issued a subpoena,

23  ordering Orrick to appear before the Arbitrator at a virtual hearing on October 22, 2020, and to

24  produce the documents identified in the subpoena at that time.  Attached hereto as Exhibit C is a

25  true and correct copy of the subpoena issued by the Arbitrator to Orrick on September 23, 2020.

26      9.      Orrick accepted service of the subpoena on September 30, 2020.  Attached hereto

27  as Exhibit D is an email dated September 30, 2020 from J. Ansbro to C. Thatch.

28

Declaration of C. Thatch
Case No._____

10.     The subpoena invited Orrick to address any applications to quash or modify the subpoena to the Arbitrator, but Orrick made no such objections.  Instead, two days before the scheduled hearing, Orrick communicated to Jones Day that it was unwilling to comply with the subpoena.

11.     On November 25, 2020, Jones Day filed a Petition to Enforce an Arbitral Subpoena in the Superior Court of the District of Columbia.  On February 5, 2021, Orrick moved to dismiss, arguing among other things that the superior court lacked personal jurisdiction over it and that, under the FAA, an arbitral summons can only be enforced in federal court.

12.     On May 14, 2021, the D.C. Superior Court issued an order granting Orrick's motion to dismiss and denied Jones Day's petition, finding that the court lacked personal jurisdiction over Orrick in the District of Columbia.  Attached hereto as Exhibit E is a true and correct copy of the Superior Court for the District of Columbia's May 14, 2021 order.

13.     Given that ruling, Jones Day requested that the Arbitrator issue a revised summons requiring that Orrick appear before him at a hearing at a location within the Northern District of California where Orrick's headquarters are located.  Jones Day also requested that summonses be issued to Orrick partners Michael Torpey and Mitchell Zuklie.  According to the Orrick website, Mr. Zuklie is Orrick's Chairman and Chief Executive Office, resident in the firm's Silicon Valley office, and Mr. Torpey is Orrick's former Managing Partner and current Special Assistant to the Chairman, resident in the firm's San Francisco office.

Declaration of C. Thatch
Case No._____

1 

2 

3 

4        14.     On June 16, 2021, the Arbitrator issued a new summons to Orrick directing Orrick

5 to appear as a witness at a hearing before the Arbitrator to be held on July 26, 2021 in San Jose,

6 California.  The subpoena called for Orrick to bring to the hearing documents specified in

7 Schedule A to the summons.  Attached hereto as Exhibit F is a true and correct copy of the

8 summons issued by the Arbitrator to Orrick dated June 16, 2021.  Also on June 16, 2021, the

9 Arbitrator issued summonses to Mr. Torpey and Mr. Zuklie calling for their appearance at the

10 July 26, 2021, hearing in San Jose and calling for them to bring with them documents specified in

11 Schedule A to those summonses.  Attached hereto as Exhibit G is a true and correct copy of the

12 summons issued by the Arbitrator to Mr. Torpey dated June 16, 2021.  Attached hereto as Exhibit

13 H is a true and correct copy of the summons issued by the Arbitrator to Mr. Zuklie dated June 16,

14 2021.

15        15.     In a letter dated July 15, 2021, Orrick's general counsel, Christopher Vejnoska,

16 told Jones Day that none of the summons recipients would appear at the July 26, 2021 hearing.

17 Attached hereto as Exhibit I is a true and correct copy of the letter dated July 15, 2021, from C.

18 Vejnoska to C. Thatch.  Mr. Vejnoska asserted that the summonses did not "comply with

19 applicable law" because the Federal Arbitration Act does "not authorize the arbitrator to summon

20 legal entities (like Orrick) to give testimony, nor compel attendance at hearings across the

21 country."  Ex. I at 1.  According to Mr. Vejnoska, "[t]he seat of the arbitration does not travel

22 with the arbitrator; it is fixed by the arbitration agreement.  In this case, Jones Day selected

23 Washington, D.C."  *Id.*

24        16.     On July 19, 2021, the Arbitrator issued a Scheduling Order in which, at Jones

25 Day's request, he stated that he could be physically present in San Jose, California on September

26 13, 2021, to conduct a hearing to receive testimony and documents from the summons recipients.

27 Attached hereto as Exhibit J is a true and correct copy of the Arbitrator's July 19, 2021

28 

Declaration of C. Thatch
Case No._____

Scheduling Order 5.  The Arbitrator invited Jones Day to submit revised summonses for his signature reflecting the September 13, 2021 hearing date.  Ex. J at 3.

17.     As invited, on July 30, 2021, Jones Day requested that the Arbitrator issue new summonses to each of the recipients directing them to appear at the hearing on September 13, 2021 and ordering them to bring with them the documents previously ordered.  Jones Day is currently awaiting return of the signed summonses.

18.     ████████████████████████████████████████████████████████ ████████████████████████████████  It is therefore important that Jones Day's motion to compel be heard and resolved prior to the September 13, 2021 hearing date for Respondents' testimony, to avoid disrupting the scheduled merits hearing, and to ensure Jones Day is able to present the evidence from Respondents at that hearing.  Respondents have been on notice for many months both that Jones Day is requesting evidence from them and the nature of the information Jones Day seeks, but they have refused to provide that information.  Jones Day has filed its motion and petition promptly following the Arbitrator's scheduling of the September 13 hearing, but the timeframe for resolving the dispute with Respondents and obtaining their evidence before the final merits hearing on September 20th is nonetheless tight.  It is therefore appropriate that Jones Day's Motion to Compel should be heard on an accelerated timetable.

19.     On July 29, 2021, my Jones Day partner, Craig Stewart, contacted Mr. Vejnoska via email to inform him that Jones Day was requesting a new hearing date of September 13, 2021, and that Jones Day intended to file this motion if the summons recipients refused to appear on that date.  Mr. Vejnoska responded on July 30 that the recipients would not appear, and further asserted that this Court lacks subject-matter jurisdiction to entertain any motion to compel. Mr. Stewart responded that same day, explaining the basis for subject-matter jurisdiction in this Court.  Mr. Stewart also sought the summons recipients' agreement to shorten the time for briefing and hearing of Jones Day's anticipated motion to compel.  Mr. Vejnoska declined to agree.  Attached hereto as Exhibit L is a true and correct of the email exchange between Mr. Stewart and Mr. Vejnoska.

Declaration of C. Thatch
Case No._____

20.



21.     In the action Jones Day filed in the Superior Court of the District of Columbia to enforce the previous subpoena to Orrick, Jones Day sought and was granted an order sealing the materials for which it seeks sealing in this case.  Attached hereto as Exhibit K is the Superior Court for the District of Columbia's Order Granting Consent Motion to File Under Seal dated February 1, 2021.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed at Washington, D.C., on July 30, 2021.

_____
Christopher N. Thatch

Declaration of C. Thatch
Case No._____

**EXHIBIT A**

# EXHIBIT B



# JAMS Comprehensive Arbitration Rules & Procedures

*Effective June 1, 2021*

We understand that there is a lot on the line in arbitration. We know attorneys count on JAMS to provide highly skilled arbitrators who use JAMS Managed Arbitration Process to save time and money. JAMS offers efficiency, speed, and results.

If another arbitration provider was written into your contract, **call an experienced JAMS Case Manager** to discuss having your case administered by JAMS.

A summary of the June 1, 2021 revisions may be found **here**.

## Related Links

- **Arbitration Services at JAMS**
- **Submit a Case**

## Table of Contents

- **Rule 1. Scope of Rules**
- **Rule 2. Party Self-Determination and Emergency Relief Procedures**
- **Rule 3. Amendment of Rules**
- **Rule 4. Conflict with Law**
- **Rule 5. Commencing an Arbitration**
- **Rule 6. Preliminary and Administrative Matters**
- **Rule 7. Number and Neutrality of Arbitrators; Appointment and Authority of Chairperson**
- **Rule 8. Service**
- **Rule 9. Notice of Claims**
- **Rule 10. Changes of Claims**
- **Rule 11. Interpretation of Rules and Jurisdictional Challenges**
- **Rule 12. Representation**
- **Rule 13. Withdrawal from Arbitration**
- **Rule 14. *Ex Parte* Communications**
- **Rule 15. Arbitrator Selection, Disclosures and Replacement**
- **Rule 16. Preliminary Conference**
- **Rule 16.1. Application of Expedited Procedures**

- **Rule 16.2. Where Expedited Procedures Are Applicable**

- **Rule 17. Exchange of Information**

- **Rule 18. Summary Disposition of a Claim or Issue**

- **Rule 19. Scheduling and Location of Hearing**

- **Rule 20. Pre-Hearing Submissions**

- **Rule 21. Securing Witnesses and Documents for the Arbitration Hearing**

- **Rule 22. The Arbitration Hearing**

- **Rule 23. Waiver of Hearing**

- **Rule 24. Awards**

- **Rule 25. Enforcement of the Award**

- **Rule 26. Confidentiality and Privacy**

- **Rule 27. Waiver**

- **Rule 28. Settlement and Consent Award**

- **Rule 29. Sanctions**

- **Rule 30. Disqualification of the Arbitrator as a Witness or Party and Exclusion of Liability**

- **Rule 31. Fees**

- **Rule 32. Bracketed (or High-Low) Arbitration Option**

- **Rule 33. Final Offer (or Baseball) Arbitration Option**

- **Rule 34. Optional Arbitration Appeal Procedure**

# Rule 1. Scope of Rules

(a) The JAMS Comprehensive Arbitration Rules and Procedures ("Rules") govern binding Arbitrations of disputes or claims that are administered by JAMS and in which the Parties agree to use these Rules or, in the absence of such agreement, any disputed claim or counterclaim that exceeds $250,000, not including interest or attorneys' fees, unless other Rules are prescribed.

(b) The Parties shall be deemed to have made these Rules a part of their Arbitration Agreement ("Agreement") whenever they have provided for Arbitration by JAMS under its Comprehensive Rules or for Arbitration by JAMS without specifying any particular JAMS Rules and the disputes or claims meet the criteria of the first paragraph of this Rule.

(c) The authority and duties of JAMS as prescribed in the Agreement of the Parties and in these Rules shall be carried out by the JAMS National Arbitration Committee ("NAC") or the office of JAMS General Counsel or their designees.

(d) JAMS may, in its discretion, assign the administration of an Arbitration to any of its Resolution Centers.

(e) The term "Party" as used in these Rules includes Parties to the Arbitration and their counsel or representatives.

(f) "Electronic filing" (e-filing) means the electronic transmission of documents to JAMS for the purpose of filing via the Internet. "Electronic service" (e-service) means the electronic transmission of documents to a Party, attorney or representative under these Rules.

# Rule 2. Party Self-Determination and Emergency Relief Procedures

# Rule 19. Scheduling and Location of Hearing

(a) The Arbitrator, after consulting with the Parties that have appeared, shall determine the date, time and location of the Hearing. The Arbitrator and the Parties shall attempt to schedule consecutive Hearing days if more than one day is necessary.

(b) If a Party has failed to participate in the Arbitration process, and the Arbitrator reasonably believes that the Party will not participate in the Hearing, the Arbitrator may set the Hearing without consulting with that Party. The non-participating Party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date, unless the law of the relevant jurisdiction allows for, or the Parties have agreed to, shorter notice.

(c) The Arbitrator, in order to hear a third-party witness, or for the convenience of the Parties or the witnesses, may conduct the Hearing at any location. Any JAMS Resolution Center may be designated a Hearing location for purposes of the issuance of a subpoena or subpoena *duces tecum* to a third-party witness.

# Rule 20. Pre-Hearing Submissions

(a) Except as set forth in any scheduling order that may be adopted, at least fourteen (14) calendar days before the Arbitration Hearing, the Parties shall file with JAMS and serve and exchange (1) a list of the witnesses they intend to call, including any experts; (2) a short description of the anticipated testimony of each such witness and an estimate of the length of the witness' direct testimony; (3) any written expert reports that may be introduced at the Arbitration Hearing; and (4) a list of all exhibits intended to be used at the Hearing. The Parties should exchange with each other copies of any such exhibits to the extent that they have not been previously exchanged. The Parties should pre-mark exhibits and shall attempt to resolve any disputes regarding the admissibility of exhibits prior to the Hearing.

(b) The Arbitrator may require that each Party submit a concise written statement of position, including summaries of the facts and evidence a Party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The statements, which may be in the form of a letter, shall be filed with JAMS and served upon the other Parties at least seven (7) calendar days before the Hearing date. Rebuttal statements or other pre-Hearing written submissions may be permitted or required at the discretion of the Arbitrator.

# Rule 21. Securing Witnesses and Documents for the Arbitration Hearing

At the written request of a Party, all other Parties shall produce for the Arbitration Hearing all specified witnesses in their employ or under their control without need of subpoena. The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents either prior to or at the Hearing pursuant to this Rule or Rule 19(c). The subpoena or subpoena *duces tecum* shall be issued in accordance with the applicable law. Pre-issued subpoenas may be used in jurisdictions that permit them. In the event a Party or a subpoenaed person objects to the production of a witness or other evidence, the Party or subpoenaed person may file an objection with the Arbitrator, who shall promptly rule on the objection, weighing both the burden on the producing Party and witness and the need of the proponent for the witness or other evidence.

# Rule 22. The Arbitration Hearing

(a) The Arbitrator will ordinarily conduct the Arbitration Hearing in the manner set forth in these Rules. The Arbitrator may vary these procedures if it is determined to be reasonable and appropriate to do so.

(b) The Arbitrator shall determine the order of proof, which will generally be similar to that of a court trial.

(c) The Arbitrator shall require witnesses to testify under oath if requested by any Party, or otherwise at the discretion of the Arbitrator.

(d) Strict conformity to the rules of evidence is not required, except that the Arbitrator shall apply applicable law relating to privileges and work product. The Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate. The Arbitrator may be guided in that determination by principles contained in the Federal Rules of Evidence or any other applicable rules of evidence. The Arbitrator may limit testimony to exclude evidence that would be immaterial or unduly repetitive, provided that all Parties are afforded the opportunity to present material and relevant evidence.

# EXHIBIT C

**CONFIDENTIAL**

**JAMS ARBITRATION**

JONES DAY,

        Claimant,

    v.

       █████████████

        Respondent.

**ARBITRATION SUBPOENA TO PRESENT**
**DOCUMENTARY EVIDENCE**

To:    Orrick
       The Orrick Building
       405 Howard Street
       San Francisco, CA 94105-2669
       United States
       Ph: 415.773.5700
       *or its registered agent*

By the authority conferred on the undersigned Arbitrator and pursuant to applicable law, you are hereby commanded to appear before the Arbitrator in the above-referenced matter on October 22, 2020 via Zoom or comparable video technology to produce the documents identified in Schedule A annexed to this Subpoena.

You may address questions concerning this Subpoena to the Requesting Attorneys identified below. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both. A court of competent jurisdiction, upon petition, may also compel your compliance. Any application by you to quash or modify this Subpoena, in whole or in part, may be addressed to the Arbitrator via email at tmenendez@jamsadr.com, with copies to all counsel identified below.

1

**Name and Contact Information for Requesting Attorneys:**

/s/ *Michael R. Shumaker*
Michael R. Shumaker
Caroline Edsall Littleton
Christopher N. Thatch
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Ph: 202.879.3939
Fx: 202.626.1700
mrshumaker@jonesday.com
celittleton@jonesday.com
cthatch@jonesday.com

*Counsel for Claimant Jones Day*



SO ORDERED.

Dated: SEPT, 23, 2020

BY THE ARBITRATOR

Hon. Benson Everett Legg (Ret.)
JAMS

2

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

Documents may be produced in hard-copy or electronic form, but must be clear and legible and appropriate metadata—including, at a minimum, date, time, sender, recipient—must be included.  Documents should be provided on October 22, 2020 to the Requesting Attorneys identified in the Subpoena via electronic transmission or any other method upon agreement of the Requesting Attorneys.

**"You"** and its variants refers to you, Orrick Herrington & Sutcliffe LLP, Orrick Rambaud Martel SCP, and any person or entity acting on behalf of Orrick Herrington & Sutcliffe LLP or Orrick Rambaud Martel SCP, including any of its attorneys, employees, agents, and affiliates, and including but not limited to the following persons: ███████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████

The terms **"Documents"** and **"Communications"** should be read in their broadest senses to include, without limitation, emails, text messages, communications through messaging applications (*e.g.*, WhatsApp, SnapChat, Skype, etc.), phone records, voicemails, handwritten notes, and other hard-copy documents.  These requests encompass all documents and devices in Your possession, custody, or control, even if those documents or devices are in the possession of third parties.

The term **"Employment"** means any kind of professional relationship, including employment, equity partnership, non-equity partnership, agency, or other affiliation.

1

To the extent You withhold any document in part or in whole on the basis of any asserted privilege or other protection from disclosure, provide a description of each document so withheld consistent with Fed. R. Civ. P. 26(b)(5)(A)(ii).

### DOCUMENTS REQUESTED

2

# EXHIBIT D

| | |
|---|---|
| **From:** | Ansbro, John <jansbro@orrick.com> |
| **Sent:** | Wednesday, September 30, 2020 10:14 AM |
| **To:** | Thatch, Christopher N.; Shumaker, Michael R.; Edsall Littleton, Caroline |
| **Cc:** | Vejnoska, Christopher |
| **Subject:** | RE: Subpoena from Jones Day |

\*\* External mail \*\*

Chris:

Chris Vejnoska forwarded to me your email below and attached subpoena. I will be representing Orrick Herrington & Sutcliffe LLP in this matter, so please direct all future communications to me as counsel, copying Chris as General Counsel.

We will accept service of the subpoena on behalf of Orrick Herrington & Sutcliffe LLP, and for no other person or entity, as if the subpoena were personally served upon our principal office at in San Francisco and reserve all other rights.

John

**John Ansbro**
Partner

Orrick
New York  ⊙
T +1-212 506 3741
jansbro@orrick.com



orrick

---

**From:** Thatch, Christopher N. <cthatch@JonesDay.com>
**Sent:** Tuesday, September 29, 2020 9:57 AM
**To:** Saklad, Laura <lsaklad@orrick.com>; Vejnoska, Christopher <cvejnoska@orrick.com>; Low, Larry <llow@orrick.com>
**Cc:** Shumaker, Michael R. <mrshumaker@JonesDay.com>; Edsall Littleton, Caroline <celittleton@jonesday.com>
**Subject:** Subpoena from Jones Day

Ms. Saklad, Mr. Vejnoska, and Mr. Low:

Subpoena attached. Please let us know if you are willing to accept service.

Best,

Christopher (Chris) N. Thatch (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Ave., NW
Washington, DC 20001-2113

Office +1.202.879.4658 / 4.4658
cthatch@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

# EXHIBIT E

# EXHIBIT F

**CONFIDENTIAL**

**JAMS ARBITRATION**

JONES DAY,

          Claimant,

  v.

████████████

          Respondent.

████████████████████████

**ARBITRATION SUMMONS TO TESTIFY AND PRESENT**
**DOCUMENTARY EVIDENCE AT AN ARBITRATION HEARING**

To:    Orrick Herrington & Sutcliffe LLP
       The Orrick Building
       405 Howard Street
       San Francisco, CA 94105-2669
       United States
       Ph: (415) 773-5700

*Or its registered agent*

By the authority conferred on the undersigned arbitrator by Section 7 of the United States

Arbitration Act (9 U.S.C. § 7), Orrick Herrington & Sutcliffe LLP ("Orrick") is hereby

SUMMONED to attend as a witness at a hearing before the undersigned arbitrator to be held on

July 26, 2021 at 10:00 am at the JAMS facility in Silicon Valley, located at 160 W. Santa Clara

St., Suite 1600, San Jose, CA 95113, and to bring to the hearing the documents identified in

Schedule A annexed to this SUMMONS.

Provided that this SUMMONS has been served in the same manner as is required of a

judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if Orrick shall refuse

or neglect to obey this SUMMONS, upon petition the United States District Court for the Northern

District of California may compel Orrick's attendance, or punish Orrick for contempt in the same

manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

Questions concerning this SUMMONS may be addressed to the attorneys or the Case Manager identified below.

Any application by Orrick to quash or modify this SUMMONS in whole or in part should be addressed to the arbitrator in writing and sent via the Case Manager, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 of the U.S. Arbitration Act may also be addressed to the United States District Court for the Northern District of California.

The attorneys for the Claimant in this arbitration are:

> Michael R. Shumaker
> Caroline Edsall Littleton
> Christopher N. Thatch
> JONES DAY
> 51 Louisiana Avenue, NW
> Washington, DC 20001
> Ph: 202.879.3939
> Fx: 202.626.1700
> mrshumaker@jonesday.com
> celittleton@jonesday.com
> cthatch@jonesday.com

The attorneys for the Respondent in this arbitration are:



The Case Manager is:

       Teresa L. Menendez
       Senior Case Manager
       JAMS - Local Solutions. Global Reach.TM
       1155 F St., NW, #1150
       Washington, DC 20004
       Ph: 202-533-2017
       Fx: 202-942-9186
       TMenendez@jamsadr.com

    SO ORDERED.

Dated: June 16, 2021               BY THE ARBITRATOR

                               Benson Everett Legg
                               Hon. Benson Everett Legg (Ret.)
                               JAMS

## SCHEDULE A

## DOCUMENTS REQUESTED

**EXHIBIT G**

**CONFIDENTIAL**

**JAMS ARBITRATION**

JONES DAY,

          Claimant,

   v.

████████████

          Respondent.

████████████████████

**ARBITRATION SUMMONS TO TESTIFY AND PRESENT
DOCUMENTARY EVIDENCE AT AN ARBITRATION HEARING**

To:    Michael Torpey
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
United States
Ph: (415) 773-5932

Michael Torpey
46 Barolo
Rancho Mirage, CA 92270

By the authority conferred on the undersigned arbitrator by Section 7 of the United States

Arbitration Act (9 U.S.C. § 7), you are hereby SUMMONED to attend as a witness at a hearing

before the undersigned arbitrator to be held on July 26, 2021 at 10:00 am at the JAMS facility in

Silicon Valley, located at 160 W. Santa Clara St., Suite 1600, San Jose, CA 95113, and to bring

with you to the hearing the documents identified in Schedule A annexed to this SUMMONS.

Provided that this SUMMONS has been served upon you in the same manner as is required

of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if you shall

refuse or neglect to obey this SUMMONS, upon petition the United States District Court for the

Northern District of California may compel your attendance, or punish you for contempt in the

1

same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

You may address questions concerning this SUMMONS to the attorneys or the Case Manager identified below.

Any application by you to quash or modify this SUMMONS in whole or in part should be addressed to the arbitrator in writing and sent via the Case Manager, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 of the U.S. Arbitration Act may also be addressed to the United States District Court for the Northern District of California.

The attorneys for the Claimant in this arbitration are:

> Michael R. Shumaker
> Caroline Edsall Littleton
> Christopher N. Thatch
> JONES DAY
> 51 Louisiana Avenue, NW
> Washington, DC 20001
> Ph: 202.879.3939
> Fx: 202.626.1700
> mrshumaker@jonesday.com
> celittleton@jonesday.com
> cthatch@jonesday.com

The attorneys for the Respondent in this arbitration are:



The Case Manager is:

> Teresa L. Menendez
> Senior Case Manager
> JAMS - Local Solutions. Global Reach.TM
> 1155 F St., NW, #1150
> Washington, DC 20004
> Ph: 202-533-2017
> Fx: 202-942-9186
> TMenendez@jamsadr.com

SO ORDERED.

Dated: _June 16, 2021_

BY THE ARBITRATOR

_Benson Everett Legg_

Hon. Benson Everett Legg (Ret.)
JAMS

## SCHEDULE A

## DOCUMENTS REQUESTED

████ ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████

████ ████████████████████████████████████████████
████████████████████████████████████████████████

████ ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

████ ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

_____

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

**EXHIBIT H**

**CONFIDENTIAL**

**JAMS ARBITRATION**

JONES DAY,

                Claimant,

    v.

    █████████████

                Respondent.

████████████████████████████

**ARBITRATION SUMMONS TO TESTIFY AND PRESENT
DOCUMENTARY EVIDENCE AT AN ARBITRATION HEARING**

To:    Mitchell Zuklie
       Orrick Herrington & Sutcliffe LLP
       1000 Marsh Road
       Menlo Park, CA 94025-1015
       United States
       Ph: (650) 614-7649

       Mitchell Zuklie
       18 Valley Oak Street
       Portola Valley, CA 94028

By the authority conferred on the undersigned arbitrator by Section 7 of the United States

Arbitration Act (9 U.S.C. § 7), you are hereby SUMMONED to attend as a witness at a hearing

before the undersigned arbitrator to be held on July 26, 2021 at 10:00 am at the JAMS facility in

Silicon Valley, located at 160 W. Santa Clara St., Suite 1600, San Jose, CA 95113, and to bring

with you to the hearing the documents identified in Schedule A annexed to this SUMMONS.

Provided that this SUMMONS has been served upon you in the same manner as is required

of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if you shall

refuse or neglect to obey this SUMMONS, upon petition the United States District Court for the

Northern District of California may compel your attendance, or punish you for contempt in the

same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

You may address questions concerning this SUMMONS to the attorneys or the Case Manager identified below.

Any application by you to quash or modify this SUMMONS in whole or in part should be addressed to the arbitrator in writing and sent via the Case Manager, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 of the U.S. Arbitration Act may also be addressed to the United States District Court for the Northern District of California.

The attorneys for the Claimant in this arbitration are:

> Michael R. Shumaker
> Caroline Edsall Littleton
> Christopher N. Thatch
> JONES DAY
> 51 Louisiana Avenue, NW
> Washington, DC 20001
> Ph: 202.879.3939
> Fx: 202.626.1700
> mrshumaker@jonesday.com
> celittleton@jonesday.com
> cthatch@jonesday.com

The attorneys for the Respondent in this arbitration are:



The Case Manager is:

        Teresa L. Menendez
        Senior Case Manager
        JAMS - Local Solutions. Global Reach.TM
        1155 F St., NW, #1150
        Washington, DC 20004
        Ph: 202-533-2017
        Fx: 202-942-9186
        TMenendez@jamsadr.com

SO ORDERED.

Dated: June 16, 2021

BY THE ARBITRATOR

Hon. Benson Everett Legg (Ret.)
JAMS

## <u>SCHEDULE A</u>

## DOCUMENTS REQUESTED

■ ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████

■ ███████████████████████████████████

█████████████████████████████████████

■ ███████████████████████████████████

████████████████████████████████████████

███████████████████████████

■ ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

---

■ ████████████████████████████████
████████████████████████████████████
████████████████████████████████████

# EXHIBIT I



July 15, 2021

**By Email**

Christopher N. Thatch
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
cthatch@JonesDay.com

Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669

+1 415 773 5700
orrick.com

Christopher Vejnoska

E  cvejnoska@orrick.com
D  +1 415 773 5916
F  +1 415 773 5759

       Re: *Jones Day v.* ███████████████

Dear Chris:

       I write on behalf of non-parties Orrick, Herrington & Sutcliffe LLP, Michael Torpey, and Mitchell Zuklie (the "Recipients"), regarding the Arbitration Summons to Testify and Present Documentary Evidence at an Arbitration Hearing in the above-captioned arbitration (the "Summonses").

       We have reviewed the Summonses and determined that they do not comply with the applicable law.  As you know, Jones Day contracted for arbitration governed by the Federal Arbitration Act.  When it did so, Jones Day limited the authority of any arbitrator selected under that agreement with respect to third-party evidence.  The authority granted by the FAA over third-party witnesses does not extend to the Summonses.  Jones Day's choice did not authorize the arbitrator to summon legal entities (like Orrick) to give testimony, nor compel attendance at hearings across the country.  The seat of the arbitration does not travel with the arbitrator; it is fixed by the arbitration agreement.  In this case, Jones Day selected Washington, D.C.

       The Recipients are not parties to the ██████████████ agreement and did not choose those constraints.  Jones Day's choice of law "defines the powers bestowed upon the arbitrator," *Jones Day v. Orrick, Herrington & Sutcliff LLP*, 2020 CA 004980 2 (D.C. Super. Ct. May 14, 2021) (enclosed), and those powers do not encompass the Summonses that Jones Day requested.  As the Court observed, Jones Day could have chosen different law and bestowed different powers on its arbitrator.  But having made that choice—with all the benefits it desired at the outset when it drafted its partnership agreement—Jones Day cannot double-back for more expansive powers now.



The Recipients respectfully decline to appear at the hearing on July 26, 2021.

Sincerely,

 */s/ L. Christopher Vejnoska*
L. Christopher Vejnoska
General Counsel
Orrick, Herrington & Sutcliffe LLP

cc: ██████████

████████████████

██████████████

██████████

Enclosure

**EXHIBIT J**

**JAMS ARBITRATION**
**Benson Everett Legg, JAMS Arbitrator**



JONES DAY                                        *

                    Claimant,                    *

                                                 *

        v.                                       *

                                                 *

                                                 *

                    Respondent.                  *

                                                 *

*    *    *    *    *    *    *    *    *    *    *    *    *

**SCHEDULING ORDER 5**
**July 19, 2021**

Claimant is Jones Day.  Respondent is ▮▮▮▮▮▮▮.

On July 16, 2021, the Arbitrator held a hearing (via Zoom) to address the subpoena issued to Orrick Herrington & Sutcliff LLP.  The subpoena, issued pursuant to Section 7 of the federal Arbitration Act (9 U.S.C. Section 7), directed Orrick to attend as a witness at a hearing before the Arbitrator on July 26, 2021 at 10:00 am at a location in San Jose, California and produce those documents described in Schedule A thereto.

The venue of this arbitration is the District of Columbia, not California.  The subpoena requiring production in California was necessitated by an Order of April 15, 2021 issued by the Superior Court of the District of Columbia (Irving, J.)  The Order denied Jones Day's Petition to Enforce Arbitral Subpoena that the firm filed on November 25, 2020.  The court ruled that personal jurisdiction over Orrick, a law firm headquartered in California, was lacking in Washington.  Although Orrick employs attorneys in the District of Columbia and is licensed to

do business there, the court found that Orrick, an international law firm with offices within the United States and across the globe, "'can scarcely be deemed at home in all of [these office locations].'"[internal citation omitted]

Jones Day decided not to appeal the Superior Court's order.  Instead, the firm requested me to issue a new subpoena returnable on July 26, 2021 in San Jose, California.  I issued the subpoena, which Jones Day served on Orrick.   In a letter to Mr. Thatch dated July 15, 2021, Orrick, through L. Christopher Vejnoska, General Counsel, gave notice that it was declining to appear at the hearing on July 26, 2021.  Although the letter speaks for itself, Orrick takes the position that the Arbitrator is not authorized to "compel attendance at hearings across the country."  Mr. Vejnoska wrote: "The seat of the arbitration does not travel with the arbitrator; it is fixed by the arbitration agreement.  In this case, Jones Day selected Washington, D.C."

Orrick's position presents Jones Day with a Catch 22.  Orrick posits that personal jurisdiction over it is lacking in Washington, D.C.  Orrick also posits that the FAA authorizes the Arbitrator to compel Orrick's attendance only in Washington, D.C.

Complicating the situation is the fact that I am scheduled to begin five consecutive weeks of radiation therapy to combat a sarcoma.  The treatments will take place Mondays through Fridays beginning July 23, 2021 and ending on August 27, 2021.  I cannot travel to California until the treatments end.  I can, however, hold the hearing by Zoom any time.  Under such an arrangement, Orrick would be subpoenaed to produce documents at a physical location in California.  I would be "present" at the hearing by an audio/visual link.  I would be able to see counsel, hear counsel, administer the oath, and inspect documents.

Although Orrick has not taken such a position, Jones Day anticipates that Orrick would raise the arbitrator's bodily absence at a hearing in California as a ground for objecting to the

2

subpoena.  Jones Day, therefore, requested a date when I could be bodily present in California.

I chose September 13, 2021.  Jones Day may submit for my signature subpoenas returnable on

that date at a time and place to be coordinated with opposing counsel and JAMS.

     The merits hearing is scheduled for September 20, 2021 at the JAMS Resolution Center

in Washington, D.C.  I have not been asked to postpone the hearing date.  Given the length of

time that this arbitration has been pending, the time spent thus far on the unsuccessful effort

to subpoena Orrick's documents, and the expectation that Orrick will not produce documents

until it has exhausted all avenues of resistance, I am disinclined to postpone the hearing date.

     Jones Day has several litigation options with respect to Orrick, including (i) an appeal of

Judge Irving's ruling, (ii) a petition in California federal court to enforce the subpoena

returnable on July 26, 2021, and (iii) waiting until September 13, 2021 to see if Orrick appears

with responsive documents.    I make no suggestion that Jones Day pursue any of these, or any

other, options.  Decisions concerning litigation strategy are the firm's to make.

     Counsel advised me that they have agreed upon an arbitration schedule leading up to

the **September 20, 2021** merits hearing date.  Counsel shall submit the schedule to me by

**Friday, July 23, 2021**.  Counsel shall meet and confer and advise me by **Friday, July 23, 2021** of

any other matters that require resolution at this time.

     The above is so Ordered this <u>19</u>[th] day of July 2021.


                         Benson Everett Legg
                      Judge Benson Everett Legg (ret.)

## **PROOF OF SERVICE BY E-Mail**

Re: Jones Day / 
Reference No.

I, Teresa Menendez, not a party to the within action, hereby declare that on  July 19, 2021, I served the

attached Scheduling Order 5 on the parties in the within action by electronic mail at Washington, DISTRICT

OF COLUMBIA, addressed as follows:

Michael R. Shumaker Esq.
Caroline E. Littleton Esq.
Christopher N. Thatch Esq.
Jones Day
51 Louisiana Avenue NW
Washington, DC   20001
Phone: 202-879-3939
mrshumaker@jonesday.com
celittleton@jonesday.com
cthatch@jonesday.com
    Parties Represented:
    Jones Day



I declare under penalty of perjury the foregoing to be true and correct. Executed at Washington,

DISTRICT OF COLUMBIA on  July 19, 2021.


    /s/
Teresa Menendez
JAMS
tmenendez@jamsadr.com

**EXHIBIT K**

Filed
D.C. Superior Court
02/02/2021 16:13PM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

|  |  |
|---|---|
| JONES DAY, <br><br>          Petitioner, <br><br>    v. <br><br> ORRICK, HERRINGTON & SUTCLIFFE LLP, <br><br>          Respondent. | Case No. 2020 CA 004980 2 <br><br> Judge-in-Chambers |

**ORDER GRANTING CONSENT MOTION TO FILE UNDER SEAL**

On December 16, 2021, Petitioner Jones Day filed a Consent Motion for Leave to File Under Seal their Petition to Enforce an Arbitral Subpoena and several attached exhibits. Upon consideration of the motion, it is this 1st day of February 2021,

**ORDERED** that Petitioner's Consent Motion for Leave to File Under Seal is **GRANTED**, and it is further

**ORDERED** that un-redacted versions of Petitioner's Petition to Enforce an Arbitral Subpoena, Exhibits A, C, and E thereto, and the Consent Motion for Leave to File Under Seal shall be filed under seal, and it is further

**ORDERED** that any objection and accompanying attachments by Respondent to Petitioner's Petition to Enforce an Arbitral Subpoena shall also be filed under seal, and it is further

**ORDERED** that petitioner shall hand-deliver the documents it seeks to seal in paper form to the Civil Clerk's office for filing once the Court returns to normal operations. *See* D.C.

Super Ct Civ R 5-III(a)(2) ("Any subsequent documents allowed to be filed under seal must be filed in paper with the clerk's office.").

Florence Pan, Associate Judge
Sitting in Judge-in-Chambers


Copies via e-service to:

Michael Shumaker
Christopher Thatch
Caroline Littleton

Haley Wasserman
Benjamin Graham
Ana Reyes
John Villa

**EXHIBIT L**

**Stewart, Craig E.**

| | |
|---|---|
| **From:** | Stewart, Craig E. |
| **Sent:** | Friday, July 30, 2021 4:51 PM |
| **To:** | 'Vejnoska, Christopher' |
| **Subject:** | RE: Jones Day v. ███ Arbitration Summonses |

Chris,

Thank you for your response.  We do not believe any basis exists for your assertion that a motion to compel is not the proper vehicle for initiating an action to compel compliance with a summons (whether issued in connection with an arbitration or in connection with an action pending in another court).  To the contrary, the regular practice in the Northern District is to proceed by filing a motion to compel to initiate a miscellaneous case (without a separate petition or complaint), and the Court's filing system provides for such filings.  See, e.g., In Re Subpoena Issued to Cisco Systems, Inc., 5:10-MC-80144; In Re: Subpoenas to Intel Corp., in Connection with: Qualcomm Incorporated, 5:18-MC-80124; Odeh v. Immunomedics, Inc., 3:21-MC-80105.  But to avoid having to spend time litigating this question, Jones Day will file a petition and summons along with its motion, while preserving all of its rights.  Thank you for your agreement to accept service on behalf of all Respondents of such papers.

We also do not believe there is any merit to your assertion that the court lacks subject-matter jurisdiction or that Jones Day conceded that point before the D.C. Superior Court.  As set out in the papers you will receive, the court has subject-matter jurisdiction under 9 U.S.C. § 203 because the underlying arbitration is an international arbitration and, by virtue of sections 206 and 208, an action to enforce an arbitration summons authorized by the FAA and by the parties' agreements falls under Chapter 2 of the FAA.  Jones Day did not brief this question before the D.C. Superior Court because federal subject-matter jurisdiction was not necessary to that action.  The statement to which you refer in Jones Day's opposition memorandum was in reference to what Jones Day understood Orrick to be arguing and the provisions on which Orrick was relying, which did not include any argument about Chapter 2 of the FAA or its provision giving federal courts subject-matter jurisdiction over international arbitration matters like this one.

Finally, we do not agree that Jones Day has engaged in any "delay."  We have proceeded expeditiously after learning on July 15 that the Recipients would refuse to appear even for a hearing in California.  The schedule we are proposing advances the Recipients' time for opposition by only two days.

Thanks.


Craig E. Stewart
Partner
**JONES DAY® - One Firm Worldwide®**
555 California St., 26th Floor
San Francisco, CA 94104
Office +1.415.875.5714
Cell +1.925.262.7762
cestewart@jonesday.com

---

**From:** Vejnoska, Christopher <cvejnoska@orrick.com>
**Sent:** Friday, July 30, 2021 11:21 AM
**To:** Stewart, Craig E. <cestewart@JonesDay.com>
**Subject:** RE: Jones Day v. ███ Arbitration Summonses

** External mail **

1

Craig,

As indicated in my letter, the summons is defective and does not compel the compliance of the recipients under the Federal Arbitration Act.  The recipients therefore did not appear for the hearing scheduled on July 26.  They likewise will not appear if the same summons were revised for a hearing on September 13.

You write that Jones Day intends to file a "motion to compel."  I am not aware of any provision of the Federal Rules of Civil Procedure or the Local Rules in the Northern District of California that permit that approach.  If Jones Day wants to seek relief from the court, it first would need to initiate an action by filing a petition and following the usual rules for service.  "There is one form of action—a civil action," which "is commenced by filing a complaint with the court."  Fed. R. Civ. P. 2-3.  *See also* L.R. 7-1(b) ("Motions must be directed to the Judge to whom the action is assigned").

You also ask whether Orrick will agree to an expedited briefing schedule.  The answer is no, for at least the following reasons:

First, as you admitted in your Opposition to Orrick's Motion to Dismiss in D.C. Superior Court, there is no subject-matter jurisdiction in the federal courts under the FAA and the parties are not diverse.  *See* Opposition 1 ("[T]he Federal Arbitration Act ('FAA') provisions to which Orrick points do not confer subject-matter jurisdiction on the federal courts, and diversity does not exist between Orrick and Jones Day.").  Orrick does not agree to yet another round of expensive briefing to establish what Jones Day has already conceded.  Moreover, we do not believe that Jones Day's threatened suit comports with its professional obligations, which require that its arguments be warranted by existing law or a non-frivolous argument for modifying or establishing new law.  *See* Fed. R. Civ. P. 11.

Second, we notified you that we would not appear at the July 26 hearing, and it has been our consistent position that the subpoenas are not enforceable.  Jones Day's failure to act until now in California, and the consequences of that delay, is a problem of its own making.  Jones Day cannot use its own delay to manufacture an "emergency" that justifies an expedited process.

Should you proceed with your suit, we reserve the right to bring to the Court's attention the notice that we have provided you of just some of the infirmities in your proposed conduct.

Finally, you asked late last night whether I would accept service on behalf of Orrick and the two individual recipients.  I cannot accept "service" of documents that are not authorized by the rules of procedure.  If Jones Day decides to comply with Federal Rules 2 through 4, I will accept service of the summons and complaint by email on behalf of the recipients as if they were served personally at our offices in San Francisco.  However, attempting to serve motions without a pending civil action brought in accordance with the Federal Rules – particularly in a matter where you have admitted that federal jurisdiction does not exist – is unauthorized and abusive.  I strongly urge you not to proceed in this manner and I particularly urge you to refrain from attempting to deliver unauthorized documents to the homes of individual attorneys.

Regards, Chris

---

**From:** Stewart, Craig E. <cestewart@JonesDay.com>
**Sent:** Thursday, July 29, 2021 2:39 PM
**To:** Vejnoska, Christopher <cvejnoska@orrick.com>
**Subject:** Jones Day v. ▮▮▮▮ Arbitration Summonses

Chris,

I represent Jones Day in connection with the arbitration summonses issued to Orrick, Michael Torpey, and Mitchell Zuklie (the "Recipients") on June 16, 2021. In your July 15, 2021 letter to Chris Thatch, you stated that the Recipients would not appear at the hearing scheduled for July 26 in San Jose, California on the ground that the summonses exceed the arbitrator's authority under the Federal Arbitration Act by compelling attendance at a location other than the seat of the arbitration in Washington D.C. Jones Day disagrees with the Recipients' position and intends to file tomorrow in the Northern District of California a motion to compel compliance with the summonses. The motion will seek an order compelling the recipients to appear in San Francisco on September 13, which is the date the arbitrator has stated that he is available to be in California. We will be requesting the arbitrator to issue revised summonses reflecting that date and location. We will also seek the documents listed in Schedule A to the summonses.

Please let me know if the Recipients are willing to appear for the September 13 hearing. If the Recipients do not intend to appear, Jones Day will proceed with its motion. Jones Day also intends to seek an expedited briefing and hearing schedule, under which the Recipients' opposition to the motion would be due on August 11, Jones Day's reply would be due on August 17, and the hearing would be held August 27. Could you please advise whether the Recipients are willing to stipulate to that schedule?

I am available today and tomorrow to discuss.

Thank you

> Craig E. Stewart
> Partner
> **JONES DAY® - One Firm Worldwide®**
> 555 California St., 26th Floor
> San Francisco, CA 94104
> Office +1.415.875.5714
> Cell +1.925.262.7762
> cestewart@jonesday.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.